# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT L. VANZANDT,<br><br>                  Petitioner,<br><br>v.<br><br>G. SWARTHOUT, Warden,<br><br>                  Respondent. | Civil No.     13cv2112-LAB(DHB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 11]** |

      Petitioner Dwight L. Vandzandt, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed by the San Diego County Superior Court in case number SDC225208/SDC222394. Respondent moves to dismiss the Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 11.) On March 31, 2014, Petitioner filed an Opposition. (ECF No. 14.) After a thorough review of the pleadings and all supporting documents, the Court finds the Petition is statutorily barred by the expiration of the limitations period. Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## I. PROCEDURAL BACKGROUND

On December 15, 2010, Petitioner pleaded guilty to four counts of residential burglary (counts 1-4), two counts of robbery (counts 5-6), two counts of kidnapping for robbery (counts 7-8), and one count of kidnapping a victim under fourteen years of age (count 9). (Lodgment No. 8.) Petitioner admitted that he: (1) committed counts 5 through 9 while released on bail; (2) used a deadly weapon (a screwdriver) while committing the robbery in counts 5 and 6; (3) had a prior serious felony conviction; and (4) had a strike prior conviction in 1984. (*Id.*) On March 2, 2011, the state trial court sentenced Petitioner to life in prison with the possibility of parole, plus 28 years. (*Id.*)

Petitioner appealed to the California Court of Appeal, which affirmed the judgment on October 7, 2011. (Lodgment No. 1.) Subsequently, the California Supreme Court denied his petition for review on December 14, 2011. (Lodgment No. 2.)

On December 8, 2012, Petitioner constructively filed a motion for an extension of time to file a habeas petition in the San Diego Superior Court.[1] (Lodgment No. 3.) The Superior Court construed the filing as a petition for writ of habeas corpus and denied it without prejudice on February 22, 2013. (Lodgment No. 4.)

On June 10, 2013, Petitioner constructively filed two state habeas petitions – one in the San Diego Superior Court, and one in the California Supreme Court. (Lodgment Nos. 5 and 6.) The California Supreme Court summarily denied the petition before it on August 14, 2013. (Lodgment No. 7.) The Superior Court denied the petition before it on September 13, 2013. (Lodgment No. 8.)

---

[1] Although the motion was filed on the docket on December 27, 2012, Petitioner is entitled to the benefit of the prison "mailbox rule" with respect to his filings. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding an incarcerated pro se habeas petitioner is deemed to have filed the document on the date he deposited them to prison officials for mailing); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000) (stating the "mailbox rule" applies equally to the filing of state and federal petitions).

On August 30, 2013, Petitioner constructively filed the instant federal Petition under 28 U.S.C. § 2254. (ECF No. 1.) On September 18, 2013, the Court dismissed the Petition for failure to pay the $5.00 filing fee. (ECF No. 3.) The action was re-opened on December 2, 2013, after Petitioner paid the requisite filing fee. (ECF No. 6.)

The Petition raises the following grounds for relief: (1) Petitioner did not knowingly and voluntarily enter his plea agreement due to mental disease and disorder; (2) ineffective assistance of trial counsel; (3) Petitioner's plea agreement violated the Fifth Amendment; and (4) the trial judge shifted the burden of proof concerning Petitioner's prior conviction to Petitioner. (ECF No. 1.) Respondent filed the instant motion to dismiss on February 19, 2014. (ECF No. 11.) Petitioner filed his opposition to the motion on March 31, 2014. (ECF No. 14.)

## II. DISCUSSION

Respondent argues the Court should dismiss the Petition because it is time barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to an application for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). The period of "direct review" under Section 2244(d)(1)(A) includes the 90-day period within which Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, Petitioner did not file a petition for a writ of certiorari from the United States Supreme Court, and his conviction became final on the last day he could have done

---

[2] Respondent does not argue, nor does this Court find, that sections 2244(d)(1)(B), (C) or (D) apply to the facts and procedural history of this case.

so, March 14, 2012. *Bowen*, 188 F.3d at 1158-59. Thus, absent any tolling, Petitioner had one year, until March 14, 2013 to file his federal petition. Petitioner constructively filed the Petition on August 30, 2013, over five months after AEDPA's one-year statute of limitations expired. Therefore, the Petition is untimely unless AEDPA's statutory tolling provision or the doctrine of equitable tolling extend the filing deadline.

**A.    Statutory Tolling**

AEDPA's one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. 28 U.S.C.A. § 2244(d)(2). Specifically, AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2).

However, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

    **a.    Effect of Petitioner's Request for Extension of Time Filed in the Superior Court**

On December 8, 2012, Petitioner filed a document entitled "Motion for Extension of Time to File Writ of Habeas Corpus Petition per AEDPA" in the Superior Court. (Lodgment No. 3.) Respondent argues this filing is not a proper habeas corpus petition because it did not seek relief from judgment. Therefore, Respondent contends, the filing did not toll the statute of limitations. Respondent is correct.

Only filings that present a challenge to a petitioner's conviction will toll the limitations period under §2244(d)(2). *See e.g. Sibley v. Culliver*, 377 F.3d 1196, 1200

1　(11th Cir. 2004) (holding "notice" filed by petitioner did not toll the statute of limitations
2　because petitioner did not actually request relief from the court from his execution and
3　the filing did not offer any basis for granting relief); *Bethea v. Girdich*, 293 F.3d 577, 579
4　(2d Cir. 2002) (holding a motion to extend time to appeal was not a "properly filed
5　application[] for post-conviction or other collateral review" and therefore, it did not toll
6　AEDPA's limitations period); *Malcom v. Payne*, 281 F.3d 951, 957 (9th Cir. 2002)
7　(holding petition for clemency under state law was not application for post-conviction
8　review and thus, did not toll the statute).  *See also Stokes v. Sandor*, 2010 WL 1643557
9　(C.D. Cal. Mar. 10, 2010) (finding a request to file a late notice of appeal did not toll the
10　limitations period because it was not directed at the petitioner's underlying conviction
11　and sentence); *McCaffery v. Henry*, 2008 WL 859455 (N.D. Cal. Mar. 28, 2008) (holding
12　various filings the petitioner made in state court prior to filing her state habeas petitions
13　did not toll the limitations period because they did not constitute a challenge to her
14　conviction).

15　　　Here, Petitioner's request for an extension of time did not directly attack his
16　conviction.  At most, it indicated he anticipated filing such an attack in the future.
17　Indeed, the Superior Court noted that Petitioner was seeking an extension of time to file
18　"a petition (for IAC) which he is not yet ready to file." (Lodgment No. 4 at 2.)  The
19　Superior Court denied the request, stating Petitioner failed "to set forth a *prima facie*
20　statement of facts which would entitle petitioner to habeas corpus relief under existing
21　law." (*Id.*)  Therefore, the Court finds Petitioner's December 8, 2012 request for an
22　extension of time did not toll the statute of limitations because it was not "a properly filed
23　application for State post-conviction or other collateral review" under § 2244(d)(2).

24　　　Accordingly, the statute of limitations ran continuously from the date Petitioner's
25　conviction became final on March 14, 2012 until the date it expired on March 14, 2013.
26　Thus, by the time Petitioner filed his habeas petitions in the Superior Court and the
27　California Court of Appeal on June 10, 2013, AEDPA's one-year limitations period had
28　already run.  The filing of a state habeas petition after the limitations period expires

"result[s] in an absolute time bar." *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (explaining that a state petition filed *before* AEDPA's limitations period runs *will* toll the limitation period, but a state petition filed *after* the limitations period ended *will not*). *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2254(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Further, the Court notes the federal Petition was filed over 5 months, or 169 days, after the limitations period had expired. Therefore, the Petition is untimely, unless Petitioner establishes that he is entitled to equitable tolling.

### b. "Gap Tolling"

Alternatively, Respondent contends that even if Petitioner's request for an extension of time tolled the statute of limitations, the Petition is nevertheless untimely. Respondent argues Petitioner does not qualify for "gap tolling" during the period of time between the date his request for extension of time was denied and the date he filed his state habeas petitions. For the reasons set forth below, the Court agrees with Respondent.

AEDPA's statute of limitations is tolled "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," as long as the petitions are "properly filed." *Nino*, 183 F.3d at 1006. *See also Evans v. Chavis*, 546 U.S. 189 (2006); *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005). A petition is "properly filed" if it is deemed to be timely filed under state law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Thus, the Court must determine whether Petitioner's state habeas petitions were "properly filed" in order to determine whether the limitations period was tolled under AEDPA.

Most states set forth statutes that identify the number of days for filing a timely collateral challenge; however, California does not do so based on its unique appeal process for habeas petitions. *See Evans*, 546 U.S. at 191-92 (*citing Carey v. Saffold*, 536 U.S.214, 219 (2002)). In California, there is no determinate time-frame for filing or

appealing a habeas petition.[3] *Id.* at 192-193.  Rather, a petition seeking habeas relief is considered timely if it is filed within a "reasonable time." *Id.* at 192 (citing *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993); *Saffold*, 536 U.S. at 221).  If the petitioner "unreasonably" delays seeking review from the California Supreme Court, the Petition is untimely filed, and the period between the lower court denial and filing in the California Supreme Court is not tolled. *Saffold*, 536 U.S. at 225.

In the instant case, as noted above, the one-year limitations period began to run on March 14, 2012. Between March 14, 2012, and December 8, 2012, when Petitioner filed his request for extension of time in the Superior Court, 269 days elapsed. (Lodgment No. 3.)  Because no case was pending during this time period, AEDPA's one-year statute of limitations was running.  However, assuming the request for an extension of time should be construed as a habeas petition, the limitations period was tolled from December 8, 2012 until the Superior Court ruled on the request.  On February 22, 2013, the Superior Court denied Petitioner's request for an extension of time.  (Lodgment No. 4.) Approximately three months, or 108 days later, on June 10, 2013, Petitioner simultaneously filed two habeas petitions, one in the Superior Court and one in the California Supreme Court.  (Lodgment Nos. 5 and 6.)  Respondent contends that Petitioner is not entitled to tolling for the 108 day period between the Superior Court's denial of the request for extension of time and the filing of the habeas petitions in the Superior Court and California Supreme Court because the latter petitions were not filed within a "reasonable time."

In determining whether a California petition for habeas corpus is filed within a "reasonable time," the United States Supreme Court has observed that the time period

---

[3] Moreover, a petitioner need not restrict his filing in a higher court to an appeal of the lower court's decision. Under California law, the Superior Court, Court of Appeal, and California Supreme Court each have original jurisdiction to review a petition for writ of habeas corpus. Cal. Const. Art. VI § 10.  Thus, a petitioner can file an original petition in both the Court of Appeal or the California Supreme Court without first seeking review in a lower court.

between habeas filings must not substantially exceed that of which the majority of states provide for filing a notice of appeal in a higher court, *i.e.*, 30 to 60 days. *See Evans*, 546 U.S. at 199-201 (citing *Saffold*, 536 U.S. at 219). Following the Supreme Court's decision in *Evans*, both the Ninth Circuit and federal district courts in California have had regular opportunities to address the "reasonable time" analysis. For example, in *Warburton v. Walker*, 548 F. Supp. 2d 835 (C.D. Cal. 2008), the court found a 69-day delay was reasonable where, following denial of a habeas petition by the superior court, the "petitioner refined his arguments and provided further factual and legal support for his claims in his petition to the Court of Appeal." *Id.* at 840. On the other hand, delays over 70 days have typically been found unreasonable. *See e.g. Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (holding delays of 91 and 80 days were not reasonable); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding a petitioner was not entitled to gap tolling for 115 and 101 day delays); *Culver v. Director of Corrections*, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding a delay of 71 days and 97 days was unreasonable); *Davis v. Ground*, 2013 WL 893926, *4 (N.D. Cal. Mar. 8, 2013) (citing numerous Ninth Circuit cases finding delays of 76, 81, 91, 101, and 115 days to be unreasonable given that they were "substantially longer than the 'thirty to sixty day' benchmark" recognized in *Evans*) (citations omitted).

In light of the Supreme Court's comments in *Evans*, the Court finds the delay of 108 days in this case is not reasonable. Consequently, the period between the Superior Court's denial of Petitioner's request for extension of time and the filing of the petitions in the Superior Court and California Supreme Court, was not tolled. *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards."). The statute of limitations clock thus started again as soon as the Superior Court denied Petitioner's request for extension of time on February 22, 2013. At that point, Petitioner had 96 days left to file a federal habeas petition. However, Petitioner did not file his federal Petition until approximately 6 months, or 189 days later, on August 30, 2013.

(ECF No. 1.) Thus, the Petition is untimely unless Petitioner is entitled to equitable tolling.

**B.    Equitable Tolling**

The United States Supreme Court has determined that equitable tolling is available under 28 U.S.C. § 2244(d) in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). In *Holland*, the Supreme Court recognized equitable tolling of AEDPA's one-year limitations period when the prisoner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Ninth Circuit has also held that AEDPA's one-year statute of limitations is subject to equitable tolling. *See Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("AEDPA's statute of limitations provision is subject to equitable tolling."). However, the Ninth Circuit in *Beeler* noted that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). *See also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (noting equitable tolling "is unavailable in most cases"). The 'extraordinary circumstances' must be the "but-for and proximate cause" of the untimely filing. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The *Beeler* court noted that district courts must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Beeler*, 128 F.3d at 1289. The petitioner bears the burden of demonstrating that equitable tolling is warranted. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

Here, Petitioner asserts he has been diligent in pursuing habeas relief to the degree allowed by the prison system. Petitioner argues he is entitled to equitable tolling because a prison realignment, inadequate library facilities, and lack of access to the prison law library prevented him from timely filing his federal petition. Respondent contends that Petitioner fails to show that some extraordinary circumstance beyond his control prevented him from filing a timely federal petition. Respondent points out that Petitioner had the ability to file two state habeas petitions that were cogent and included appropriate exhibits. For the foregoing reasons, the Court agrees with Respondent.

First, Petitioner states that due to a prison realignment, there was an initial delay in his receipt of his legal property. (ECF No. 14.) The Ninth Circuit has held "that equitable tolling may be appropriate when a prisoner had been denied access to his legal files." *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (citing *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (finding equitable tolling warranted when attorney retained the petitioner's legal file for the duration of the limitations period and two months beyond). *See also Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005) (holding equitable tolling applied where the petitioner was denied access to his legal file by prison officials for 11 months and petitioner diligently attempted to obtain his file through formal inquires and administrative appeals). A petitioner seeking equitable tolling on the basis of lack of access to a legal file "bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition ... late." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). Here, Petitioner has failed to provide any specific details about how long he was without his legal files, or what he did to try and obtain them. Therefore he has not met his burden of showing that he was pursuing his rights diligently, or that the alleged delay was the "but-for and proximate cause" of the late filing.

Next, Petitioner asserts the resources in the prison law library are inadequate and that he did not have sufficient access to the library. The Ninth Circuit has held that

"ordinary prison limitations on [a petitioner's] access to the law library and copier" do not constitute extraordinary circumstances or make it impossible to file on time. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.2009). The *Ramirez* Court noted that in light of the "most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule. . ." *Id. See also Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (rejecting the argument that lack of access to the law library materials automatically qualified as grounds for equitable tolling).

Here, Petitioner attached to his Opposition, several complaints he lodged with prison authorities regarding the prison law library. He complained about both the resources in the library and his access to the library. A prison Response dated April 9, 2012, indicated that "the library is fully operational as of 4/1/12" and that the computers were updated in March 2012 with "the latest updates." (ECF No. 14 at 14.) The prison response noted that book requests could be made for materials that were not available electronically. (*Id.*) The response also stated the library schedule was Monday and Tuesday from 9:00 to 11:00 a.m. and 1:00 to 3:00 p.m. (*Id.*) Thus, it appears from the record that the library facilities were sufficient during the limitations period. Further, in an Appeal Decision dated October 30, 2012, prison officials noted that Petitioner had Priority Legal User ("PLU") status and he "had received Library access as listed in [his] sign-in sheet." (ECF No. 14 at 11.) Accordingly, the Court finds Petitioner was not wholly prevented from accessing the prison law library. Moreover, the circumstances concerning the law library that Petitioner complains of are "hardly extraordinary given the vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Therefore, the Court finds Petitioner has not made the requisite showing of extraordinary circumstances to warrant equitable tolling.

/ / /

### III. CONCLUSION

After a through review of the record in this matter and based on the foregoing analysis, the Court **HEREBY RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** no later than **June 6, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: May 14, 2014

DAVID H. BARTICK
United States Magistrate Judge

Copies to: ALL PARTIES