# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT L. VANZANDT,<br><br>                            Plaintiff,<br>  vs.<br><br>G. SWARTHOUT, Warden,<br><br>                           Defendant. | CASE NO. 13cv2112-LAB (DHB)<br><br>**AMENDED ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

      On May 14, 2014, Magistrate Judge David Bartick issued his report and recommendation (the "R&R"), which recommended denying Petitioner Dwight Vanzandt's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Objections were due June 6. When no objections were received, the Court by an order signed on June 15 adopted the R&R as unobjected-to, and mentioned some additional reasoning supporting the R&R. Then on June 16, Vanzandt's objections to the R&R were received.

      Based on the date the objections were signed, it appears they are timely under the prisoner mailbox rule, *see Stillman v. LaMarque,* 319 F.3d 1199 (9th Cir. 2003), and merely took a long time to arrive. The Court will therefore consider and rule on the objections, reviewing any properly objected-to portions of the R&R *de novo*. See Fed. R. Civ. P. 72(b). Some of Vanzandt's objections merely register his disagreement with whole pages of the R&R without identifying any errors. Such generalized or "blanket" objections are not effective to trigger *de novo* review. *See Saibu v. McEwen*, 2014 WL 1877446 at *1 (S.D.Cal., May 9,

2014) (citing *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)); *Player v. Salas*, 2007 WL 935100 at *2 (S.D.Cal., Mar. 22, 2007).

The R&R recommended denying the petition as time-barred under AEDPA. Vanzandt does not object to the R&R's recitation of the procedural history, including dates various pleadings were filed and various decisions issued, and the Court therefore **ADOPTS** the R&R's findings. Accepting the procedural history as correct, the petition is time-barred by many months unless Vanzandt is entitled to statutory or equitable tolling.

The objections focus on two main reasons for Vanzandt's late filings: problems gaining access to the prison library, and loss of his legal work product and materials. They are, however, non-specific with regard to how long these problems lasted; instead, the objections assert that because these problems were so serious, the entire limitations period should be tolled:

> No matter when the statute of limitations started petitioner had no access to his property or his legal work product for large periods of time in 2012 and in 2013. And had no access to a library in 2012–13 due to circumstances beyond his control as a prisoner with no say so about anything. No matter how many days elapsed between filings, petitioner was lucky to be able to file anything with no access to a law library or legal assistant.

(Obj. to R&R, 5:23–6:3.) Vanzandt expanded on this, claiming he had no access at all to a law library during 2012 or 2013. (*Id.*, 4:28–5:4 (declaring that he had "wholly absolutely no access" to any law library or paging system in the facility where he was confined); 5:25–28 ("And he [Vanzandt] had no access to a library in 2012–13 due to circumstances beyond his control as a prisoner with no say so about anything.") Although Vanzandt makes these representations in absolute terms, as discussed below it is clear he did have access to a library and legal materials.

Vanzandt's first and most serious problem is that he waited 269 days from the date his conviction was final (March 14, 2012) until December 8, 2012 to file anything. On December 8, he filed[1] a pleading in the state superior court, styled "Motion for extension of time to file writ of habeas corpus petition per AEDPA." (Lodgment 3.) This wasn't merely a

---

[1] The state court accepted this for filing on December 27, 2012.

bare-bones request for more time, citing information from Vanzandt's personal knowledge such as lack of access to the library or to legal or writing materials. Rather, it is a fully researched five-page brief, with three exhibits attached. The exhibits are copies of administrative appeals filed by a different prisoner, Cedric Walker, and one filed by a group of inmates (<u>not</u> including Vanzandt) seeking better library access.

Even accepting the allegations in those documents as true and disregarding contrary evidence or findings, they contradict Vanzandt's current assertion that he had no library access. The appeals show the prisoners were complaining about the library not having all the books they needed, library hours not being posted, some computers being out of service and long lines to use those that were working, and sporadic denials of access to the library. The state court found Vanzandt had claimed he had difficulty accessing the library, but wasn't seeking relief from that. (Lodgment 4 at 2:1–4.)

Vanzandt's argument proves too much. First, the documentary evidence shows that other inmates were trying through administrative channels to gain improved access to the library and facilities needed to prepare pleadings, and had some success in doing so. This shows that they were diligent, not that he was. He also says that although he had no access to the library himself, he was able to get assistance from another inmate who made copies of legal papers for him. (Obj. to R&R at 3:20.) Moreover, the fact that he was able research and draft a written brief belies any allegation that he had no access to legal materials and couldn't prepare or file pleadings. The fact that he was able to cite sixteen different federal and state court decisions and two statutes makes it obvious that he could conduct research, either by himself or with help. However sporadic or limited Vanzandt's access to a library or writing materials may have been, it is clear he was able to prepare and file pleadings during 2012, before AEDPA's limitations period had run—and it is likewise clear that his claims of absolutely no library access are inaccurate.

After Vanzandt filed the motion to extend time, the state court denied it, holding that it wasn't a request for habeas relief at all. (Lodgment 4.) The R&R noted this, and agreed with it, and the Court agrees as well. As the R&R pointed out, only filings that present a

challenge to a petitioner's conviction will toll AEDPA's limitations period pursuant to § 2244(d)(2). (R&R at 4:27–5:14); *see also Malcolm v. Payne*, 281 F.3d 951, 957 (9th Cir. 2002) (holding that a petition for clemency was not an application for post-conviction review and therefore did not toll AEDPA's limitations period). He didn't file anything else until June 10, 2013, when he simultaneously filed petitions in the California Superior Court and California Supreme Court. Because AEDPA's limitations period is statutorily tolled only while a properly-filed petition for habeas review is pending, *see* § 2244(d)(2), the limitations period expired on March 14, 2013, long before Vanzandt filed his petitions.

Even assuming the state superior court erred and the December, 2012 motion did amount to a habeas petition, the R&R correctly points out that after its denial, Vanzandt waited 108 days before simultaneously filing similar habeas petitions in the California Supreme Court and the California Superior Court. The petitions did not explain why they were filed so late, and neither court's ruling comments on the late filing; the California Supreme Court denied the petition without comment, and the California Superior Court denied it on the merits without addressing timeliness at all. The fact that a state court reached the merits does not mean that the petition was timely. *Evans v. Chavis*, 546 U.S. 189, 197–98 (2006).

As the R&R correctly points out, an unexplained 108-day gap between rounds of state habeas review is considered unreasonable (R&R at 8:9–18), and a petitioner is not entitled to "gap tolling" during that period.  While Vanzandt's objections to the R&R attempt to show he had inadequate library access in 2012, there is no adequate explanation of why he could not have prepared and filed a petition early in 2013. The objections claim he was transferred to a different facility at some time in 2013, and did not immediately receive his "work product"[2] because of the "massive movement of thousands of prisoners" into and out of the facility due to an outbreak of valley fever. He also claims he received Priority Legal User

///

---

[2] The claim that Vanzandt had any "work product" at this point contradicts his other representations.

(P.L.U.) status on April 14, 2014, "30 days prior to March 14, 2013 deadline"[3] although he never says when he requested this or how long prison officials took to approve it. In support of this representation, he cites to Exhibit C, which is in fact inmate Walker's appeals papers from the old facility.

Nothing at all in Exhibit C relates to Vanzandt or the facility he was transferred to in 2013, and it is significant that he is able to point to records showing that another inmate at a different facility worked hard to gain library access, but nothing showing he himself did so. Walker, for example, submitted a request for P.L.U. status (Docket no. 18 at 79), but absolutely nothing—no documents, and no representations—shows when Vanzandt himself requested library use at either the old or new facility, or how long prison officials took to grant it. Knowing that other inmates were having difficulty getting access to the library and facilities and supplies needed to prepare pleadings might have discouraged Vanzandt from trying, but it does not excuse failure to work diligently.

Even assuming the motion for extension of time did amount to a habeas petition, the inadequately-explained 108-day gap disqualifies Vanzandt for "gap tolling" and his federal petition would not be entitled to statutory tolling sufficient to render his federal petition timely.

The R&R found that Vanzandt was not entitled to equitable tolling, and the Court agrees. Equitable tolling is available only where a petitioner has been pursuing his rights diligently, but that extraordinary circumstances stood in his way. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2007). The petitioner must show the extraordinary circumstances were the cause of the untimeliness, and made it impossible to file a petition on time. *Id*. While a wholesale denial of access to one's legal papers or to writing materals or a prison law library could constitute "extraordinary circumstances," mere limitations on a prisoner's access to the law library and copy machine do not. *Id*. at 998. Bearing in mind how common such restrictions are, they are not extraordinary. *Id*. Furthermore, where a petitioner has managed

---

[3] This timeline makes hardly any sense. Vanzandt must either be referring to the March 14 AEDPA deadline (in which case this should read "30 days after the March 14, 2013 deadline") or to some unspecified deadline on May 14, 2013. Regardless, there is no explanation why Vanzandt did not, or could not have requested library access earlier, nor any explanation of why he did not file his petitions sooner.

to research and file other substantial legal pleadings but claims inability to prepare and file a timely habeas petition, it is incumbent on him to explain why this is so. *Id*.

Because Vanzandt has not pointed to adequate evidence of diligence, nor any evidence that extraordinary circumstances made it impossible for him to file a timely habeas petition, equitable tolling is unavailable. Even if the Court were to accept all the evidence he points to, it would not show his petition is timely. Vanzandt's objections to the R&R are therefore **OVERRULED**.

Although the R&R did not consider the petition on the merits, the Court would have denied it anyway. Vanzandt did not go to trial, but pleaded guilty. The trial court's determinations that he understood the plea bargain, that he was pleading guilty because he was in fact guilty, and that he was mentally competent to plead guilty are entitled to deference, and neither the petition to the California Supreme Court nor the petition to this Court points to sufficient evidence to overcome this presumption. Although he now claims his trial and appellate counsel were ineffective, he did not exhaust these claims by presenting them to the California Supreme Court in a fashion that alerted that court to the presence of a federal ineffective assistance of counsel claim.[4] The remaining arguments are based on

/ / /
/ / /
/ / /
/ / /
/ / /

---

[4] To exhaust a claim, a petitioner must fairly present it to each appropriate state court, including the highest court of the state with powers of discretionary review (here, the California Supreme Court). *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The petition must alert the state court to the federal nature of the claim, such as by citing federal law or labeling the claim as federal. *Id*. at 32. Vanzandt's petition to the California Supreme Court cited only state cases for the proposition that trial counsel should have done more to confirm that he was mentally competent. (*See generally* Lodgment 5.)  The only mention of federal law in the context of adequate representation by counsel was a citation to *Faretta v. California*, 422 U.S. 806, 835 (1975), which he cited for the proposition that because the trial court determined he was competent, he should have been allowed to represent himself at trial.

claimed errors of state law. which cannot serve as the basis for federal habeas relief. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011).

The petition is **DENIED**, and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: June 20, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge